IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MELINDA GAY MORRIS,            )
                               )
       Plaintiff,       )
                               )
v.                             )        1:10-cv-388
                               )
LOWE'S HOME CENTERS, INC.,     )
                               )
       Defendant.      )

**MEMORANDUM OPINION AND ORDER**

CATHERINE C. EAGLES, District Judge.

Melinda Morris filed suit against her former employer, Lowe's Home Centers, Inc., claiming that Lowe's discriminated against her on the basis of her disability. Ms. Morris alleges violations of the Americans with Disabilities Act and various state laws. Lowe's filed a motion to dismiss the complaint, primarily asserting problems with timeliness. For the reasons set forth below, the Court (1) converts part of the motion to dismiss into a motion for summary judgment; (2) finds that Ms. Morris is entitled to equitable tolling and denies the motion for summary judgment; and (3) denies the motion to dismiss.

**I.    BACKGROUND**[1]

Ms. Morris was an employee of Lowe's in Burlington, North Carolina, from January 2005 until May 1, 2007. In October 2006, she was diagnosed with metastasized breast cancer. The cancer treatment forced her to miss work from October 2006 until January 29, 2007.

---

[1] The facts set forth are taken from the complaint. (Doc. 1); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009).

Upon returning to work, Ms. Morris sought workplace accommodations for her disability on several occasions. While Lowe's initially allowed her some leeway in taking consecutive days off work to rest, her supervisor and the human resources department otherwise denied her requests and harassed her about her medical condition. Ms. Morris reported this harassment to the store manager and human resources manager, but she received no redress. Because she was unable to work under these conditions, Ms. Morris submitted a resignation letter, with an effective date of May 1, 2007.

On May 18, 2010, Ms. Morris filed a complaint against Lowe's. Now pending are her claims for (1) discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213; (2) constructive discharge in violation of the ADA; (3) wrongful discharge in violation of the ADA; and (4) intentional infliction of emotional distress under North Carolina law.[2] She seeks compensatory damages, punitive damages, reasonable attorneys' fees, and costs.

On June 11, 2010, Lowe's filed a motion to dismiss this action for lack of subject-matter jurisdiction and failure to state claims upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). (Doc. 4.) Lowe's argues that the Court should dismiss all ADA claims because Ms. Morris failed to exhaust her administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC"). In the alternative, Lowe's contends that the Court should dismiss the ADA claims for constructive

---

[2] In the complaint, Ms. Morris also raised claims under two North Carolina statutes and, arguably, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e through 2000e-17. The parties stipulated to the dismissal of the state-law claims, which the Court memorialized in a consent order. (Doc. 12 at 1.) While the complaint mentions Title VII in passing, no facts are alleged to support it and the parties have not discussed that claim. Based on Ms. Morris's representation at the motion hearing that she only raised claims related to her disability, the Court dismisses the Title VII claim.

discharge and wrongful discharge because Ms. Morris failed to raise them in her EEOC charge and failed to raise them in a timely manner. Finally, Lowe's asserts that the Court should dismiss the state-law claim for intentional infliction of emotional distress as time-barred.

## II. ALL ADA CLAIMS

Lowe's moves to dismiss all of the ADA claims as untimely, pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] In particular, Lowe's contends that Ms. Morris failed to file an EEOC charge within 180 days of the alleged unlawful conduct. Ms. Morris responds that she satisfied the timeliness requirement when she filed an intake questionnaire with the EEOC on October 10, 2007, well before the last possible filing deadline of October 28, 2007. In the alternative, Ms. Morris claims that she is entitled to equitable tolling of the filing deadline. Based on the resolution of the equitable-tolling issue, the Court need not determine whether the intake questionnaire constitutes an EEOC charge.

### A. Conversion of Motion to Dismiss into Motion for Summary Judgment

The Court initially must determine the scope of the materials it will consider in ruling on the equitable-tolling issue. In general, a court may consider only the pleadings when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(d). When "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." *Id.* Under an exception to

---

[3] Lowe's alternatively moves to dismiss all ADA claims as untimely, pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that the failure to file a timely charge with the EEOC may deprive the Court of jurisdiction. It is well settled that "the *untimeliness* of an administrative charge does not affect federal jurisdiction." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300, 300 n.2 (4th Cir. 2009); *accord Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Laber v. Harvey*, 438 F.3d 404, 429 (4th Cir. 2006) (en banc) ("Every court of appeals that addressed this issue has concluded that the time limit . . . is not a jurisdictional requirement."). Thus, to the extent Lowe's moves to dismiss the ADA claims under Rule 12(b)(1), the Court denies the motion.

3

this rule, however, courts may consider documents referenced in the complaint and documents "integral to and explicitly relied on in the complaint," as long as the authenticity of the documents is not in dispute. *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *accord Brown v. Inst. for Family Centered Servs., Inc.*, 394 F. Supp. 2d 724, 729 n.2 (M.D.N.C. 2005). Courts also may consider documents subject to judicial notice. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

The Fourth Circuit interprets Rule 12(d) as imposing two requirements before a motion to dismiss can be converted to a motion for summary judgment. First, the parties must have notice that the court may treat the Rule 12(b)(6) motion as a motion for summary judgment. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). To satisfy this requirement, either the court must indicate to the parties that it will treat the Rule 12(b)(6) motion as a motion for summary judgment, or the parties must be "aware that material outside the pleadings is before the court." *Id.*; *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (stating that a court has no obligation "to notify parties of the obvious"). Second, once the parties have adequate notice, the court must afford them "a reasonable opportunity for discovery." *Gay*, 761 F.2d at 177 (internal quotation marks omitted).

In this action, the parties submitted "matters outside the pleadings" that are relevant to the equitable-tolling issue. Lowe's attached Ms. Morris's charge of discrimination to its motion to dismiss to show that she filed the charge on November 27, 2007, more than 180 days after the last date of discrimination on May 1, 2007. (Doc. 4-2 at 3.) In response, Ms. Morris attached an affidavit and various supporting documents to her July 2010 brief in opposition to the motion to dismiss to show that she attempted to file the charge well before the expiration of the time and

4

was prevented from doing so by the EEOC's delay. (Doc. 9-2 at 1–2, 4–14, 16; Doc. 9-3 at 2; Doc. 9-4 at 2.)

While the charge and some of the attachments to Ms. Morris's affidavit might qualify for the exception to the prohibition on "matters outside the pleadings" under Rule 12(d),[4] the exception does not cover the affidavit itself and the attached EEOC appointment card and inquiry-assessment sheet. None of these three documents are referenced in the complaint or are "integral to and explicitly relied on in the complaint." *See Am. Chiropractic Ass'n, Inc.*, 367 F.3d at 234. Nor are these three documents subject to judicial notice. *See Philips*, 572 F.3d at 180. Once these materials were filed, it was clear that the equitable-tolling issue was before the Court, that it could not be decided without extrinsic evidence, and that to do so would require conversion of the Rule 12(b)(6) motion into a summary-judgment motion. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980); *SPE GO Holdings, Inc. v. LaRosa*, No. 1:09CV66, 2010 U.S. Dist. LEXIS 5995, at *10–12 (N.D. W. Va. Jan. 26, 2010).

The Court also explicitly raised the possibility of conversion of the motion to dismiss into a motion for summary judgment at the motion hearing in February 2011. Both parties acknowledged without objection that the consideration of extrinsic evidence would necessitate the conversion of the Rule 12(b)(6) motion to dismiss. Thus, the parties had notice that Lowe's Rule 12(b)(6) motion might be treated as a motion for summary judgment as to equitable tolling.

With this knowledge, neither party objected to the consideration of extrinsic evidence, sought discovery in the months following the filing of the briefs or in the weeks following the

---

[4] This exception might be read to cover the charge, the intake questionnaire, and the ADA disability questionnaire, because they could be found to be integral to Ms. Morris's allegation that she "satisfied all private, administrative and judicial prerequisites prior to commencement of this action." (Doc. 1 at 3 ¶ 12); *see Brown*, 394 F. Supp. 2d at 729 n.2 (holding that the court could consider the EEOC charge because the plaintiff referred to it in her complaint and relied on it to show exhaustion). The Court expresses no opinion on this issue.

5

motion hearing, asked the Court to delay deciding the motion pending discovery, or indicated in any way that there might be additional evidence available. *See Laughlin*, 149 F.3d at 261. Thus, the parties had ample opportunity to conduct discovery on the equitable-tolling issue.

The Court will consider the evidence directed towards equitable tolling and will convert the Rule 12(b)(6) motion to dismiss into a motion for summary judgment to the extent it is based on the timeliness of the EEOC charge.

### B.     Filing Deadline

A plaintiff may raise an ADA claim in federal court only if she first exhausts her administrative remedies by filing a timely charge with the EEOC. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). To qualify as timely under the circumstances of this case, a charge must be filed by the plaintiff within 180 days of the alleged discriminatory incident. 42 U.S.C. § 2000e-5(e)(1); *J.S. ex rel. Duck v. Isle of Wight Cnty. Sch. Bd.*, 402 F.3d 468, 475 n.12 (4th Cir. 2005); *see* N.C. Gen. Stat. § 7A-759; *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 539–41 (E.D.N.C. 2008).

In the complaint, Ms. Morris alleges that between January and May 2007, she was discriminated against based on her medical condition, was denied reasonable accommodations, and was harassed verbally and in e-mails. She also alleges that these actions resulted in her constructive discharge, effective May 1, 2007. Because the final alleged violation of the ADA occurred on May 1, 2007, the last possible deadline for filing the EEOC charge was October 28, 2007.

### C.     Equitable Tolling

Ms. Morris concedes that she filed the formal document entitled "Charge of Discrimination" on November 27, 2007, a full month after the last possible filing deadline.

However, she contends that she provided the EEOC with the information necessary to prepare a charge on October 10, 2007, and that the late filing was beyond her control because the EEOC was unavailable to interview her and prepare the charge of discrimination until November 27.

The doctrine of equitable tolling applies to the filing of a timely charge with the EEOC. *Zipes*, 455 U.S. at 393 ("[F]iling a timely charge . . . is . . . a requirement that, like a statute of limitations, is subject to waiver, estoppel, and *equitable tolling*." (emphasis added)); *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, Nos. 10-1539, 10-1553, 2011 U.S. App. LEXIS 8111, at *16-17 (4th Cir. Apr. 20, 2011) (applying equitable tolling to an ADA claim). "[E]quitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). However, equitable tolling is invoked "only sparingly" and does not apply to "what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

A variety of situations can give rise to equitable tolling, including "extraordinary circumstances beyond the [claimant's] control [that] made it impossible to file the claims on time." *Harris*, 209 F.3d at 330; *accord United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). In the employment-discrimination context, the Fourth Circuit has found that equitable tolling may apply when the untimely filing resulted from processing delays at the EEOC or from misleading statements by EEOC officials.[5] *See, e.g.*, *Bishop v. Hazel & Thomas, PC*, No. 97-2284, 1998 U.S. App. LEXIS

---

[5] Every other circuit with jurisdiction over the EEOC has reached the same conclusion. *E.g.*, *Josephs v. Pac. Bell*, 443 F.3d 1050, 1054 (9th Cir. 2006); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 592 (3d Cir. 2005); *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003); *Davis v. Lucent Techs., Inc.*, 251 F.3d 227, 235 (1st Cir. 2001); *Browning v. AT&T Paradyne*, 120 F.3d 222, 226–27 (11th Cir. 1997) (per curiam); *Anderson v. Unisys Corp.*, 47

14889, at *5 n.3 (4th Cir. July 1, 1998) (per curiam) ("The doctrine of equitable tolling applies to toll the limitations period when, due to agency error or misinformation, a complainant fails to meet the time requirements for filing an agency complaint . . . ."); *Waiters v. Robert Bosch Corp.*, 683 F.2d 89, 92 (4th Cir. 1982) (finding that Title VII's limitations period should be tolled when the late filing resulted from the EEOC's delay in processing the charge); *cf. Cornett v. AVCO Fin. Servs., One, Inc.*, 792 F.2d 447, 450 (4th Cir. 1986) (stating that a trial court has the discretion to toll a state filing requirement because of agency error).

Many courts have applied equitable tolling in situations like the one here. For example, the doctrine has been applied when the EEOC failed to schedule an interview before the filing deadline. *See, e.g.*, *Schlueter v. Anheuser-Busch, Inc.*, 132 F.3d 455, 458–59 & n.3 (8th Cir. 1998); *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 616 (10th Cir. 1988); *Pizio v. HTMT Global Solutions*, No. 09-1136 (JLL), 2010 U.S. Dist. LEXIS 53713, at *7 (D.N.J. May 26, 2010); *Rupert v. PPG Indus., Inc.*, No. 07-705, 2009 U.S. Dist. LEXIS 125741, at *29–30 (W.D. Pa. Feb. 5, 2009), *adopted by* 2009 U.S. Dist. LEXIS 16639 (W.D. Pa. Feb. 26, 2009); *Monnheimer v. Nielsen*, No. 1:08-cv-356, 2008 U.S. Dist. LEXIS 116019, at *14–16 (S.D. Ohio Nov. 24, 2008), *adopted by* 2008 U.S. Dist. LEXIS 103299 (S.D. Ohio Dec. 19, 2008); *Curtis v. Tyco Retail Healthcare Grp., Inc.*, No. 06-4302, 2007 U.S. Dist. LEXIS 38210, at *7, *8–9, *17 (E.D. Pa. May 25, 2007); *Lane v. Wal-Mart Stores E., Inc.*, 69 F. Supp. 2d 749, 754–55 (D. Md.

---

F.3d 302, 306–07 (8th Cir. 1995); *Brown v. Crowe*, 963 F.2d 895, 899–900 (6th Cir. 1992); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 80–81 (7th Cir. 1992); *Dougherty v. Barry*, 869 F.2d 605, 613 (D.C. Cir. 1989); *Martinez v. Orr*, 738 F.2d 1107, 1111–12 (10th Cir. 1984); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984); *see also* Barbara T. Lindemann & Paul Grossman, Employment Discrimination Law 1798 (4th ed. 2007) ("Conduct by the government that causes employees to fail to file a timely charge has been a consistent basis for equitable tolling."). *But see, e.g.*, *Vernon v. Cassadaga Valley Cent. Sch. Dist.*, 49 F.3d 886, 891 (2d Cir. 1995) (questioning whether the EEOC's acts could lead to equitable tolling when the EEOC itself was not a defendant).

1999). It has also been applied when the EEOC failed to prepare the charge before the filing deadline. *See, e.g.*, *Lawrence v. Cooper Cmtys., Inc.*, 132 F.3d 447, 451–52 (8th Cir. 1998); *Zakeri v. Oliver*, 19 F. Supp. 2d 553, 558 (E.D. Va. 1998); *Thibodeaux v. Transit Mix Concrete & Materials Co.*, 3 F. Supp. 2d 743, 746–47 (E.D. Tex. 1998). When equitable tolling is established, the court suspends the applicable filing period as of the date of the agency's error and deems the filing to be timely. *See Waiters*, 683 F.2d at 92.

Here, viewed in the light most favorable to the non-moving party, the evidence establishes that Ms. Morris initially visited the EEOC on October 10, 2007, eighteen days before the last possible filing deadline. (Doc. 9-2 at 1); *see Scott v. Harris*, 550 U.S. 372, 378 (2007). During this visit, she completed the intake questionnaire and ADA disability questionnaire and returned them to the EEOC staff. (Doc. 9-2 at 1, 7, 13.) The EEOC did not interview her then and scheduled the interview instead for November 5, 2007 (*id.* at 2, 16; Doc. 9-4 at 2), even though her intake questionnaire and ADA disability questionnaire indicated that the filing deadline would have passed by that time (Doc. 9-2 at 5, 6, 10, 12). The EEOC later further delayed Ms. Morris's interview, rescheduling it for November 27, 2007 (*id.* at 2; Doc. 9-3 at 2), a full month after the last possible filing deadline. Ms. Morris's testimony by affidavit is corroborated by documentary evidence. (Doc. 9-2 at 16; Doc. 9-4 at 2.) There is no evidence to the contrary, and nothing to indicate Ms. Morris contributed to the delay or could have proceeded without the EEOC's involvement. Ms. Morris has thus demonstrated that the EEOC's delay in scheduling an interview and preparing her charge constitutes an extraordinary circumstance that was beyond her control and prevented her from filing the charge on time.

Lowe's responds that equitable tolling is not available when the defendant has not misled the plaintiff, especially if the plaintiff waited until the end of the limitations period before

visiting the EEOC office. While trickery by the defendant is one of the possible ways equitable tolling may be established, *Irwin*, 498 U.S. at 96, it is not the only way. *Sosa*, 364 F.3d at 512.

Equitable tolling is not available "where the claimant failed to exercise due diligence in preserving [her] legal rights." *Irwin*, 498 U.S. at 96; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). However, waiting until the last day is not by itself enough to establish lack of diligence. *Parrish v. Voyager Grp., Inc.*, No. 88-2609, 1989 WL 54037, at *3 (4th Cir. May 19, 1989). There is nothing dilatory about first taking action almost three weeks before the expiration of the statutory filing period, especially when the statutory filing period is only 180 days long. Ms. Morris did not contribute to the delay in the filing of the charge, which was due entirely to the EEOC. She acted diligently to preserve her rights.

D.     **Conclusion**

Equitable tolling applies to the circumstances of this case. The uncontradicted evidence shows that Ms. Morris diligently attempted to file a charge of discrimination with the EEOC well before the last possible deadline under the ADA. If the EEOC had promptly scheduled an interview and assisted in the preparation of the charge, Ms. Morris would have satisfied the statutory filing deadline. Because the EEOC's delay constituted an extraordinary circumstance that was beyond Ms. Morris's control and made it impossible for her to file the charge on time, equity demands the tolling of the 180-day filing period as of the date of Ms. Morris's initial visit to the EEOC. Thus, the charge is deemed timely and Lowe's is not entitled to summary judgment as to the timeliness of the EEOC charge.

**III. CONSTRUCTIVE AND WRONGFUL DISCHARGE CLAIMS**

In the alternative, Lowe's seeks the dismissal of the ADA claims for constructive discharge and wrongful discharge,[6] pursuant to Rule 12(b)(1). First, Lowe's contends that Ms. Morris failed to exhaust her administrative remedies for these claims because she did not raise them in the Intake Questionnaire. Second, Lowe's contends that Ms. Morris untimely raised these claims because she initially broached them in her charge of discrimination of November 27, 2007, well after the deadline for filing an EEOC charge.

These issues are moot for purposes of this motion to dismiss. As discussed *supra* Section II.C-D, the Court has denied the motion for summary judgment because of the equitable tolling of the filing deadline for the EEOC charge. Because the Court treats the charge of discrimination as timely filed, and Lowe's admits that the constructive-discharge and wrongful-discharge issues were raised in the charge of discrimination, Ms. Morris has exhausted her administrative remedies as to these claims.

**IV. Intentional Infliction of Emotional Distress**

Lowe's also moves to dismiss the state-law claim of intentional infliction of emotional distress, pursuant to Rule 12(b)(6). Lowe's contends that Ms. Morris failed to file her complaint within the applicable statute of limitations.[7] The statute of limitations is three years. N.C. Gen. Stat. § 1-52(5); *Waddle v. Sparks*, 414 S.E.2d 22, 28 (N.C. 1992).

---

[6] Lowe's requests the dismissal of "any ADA claims for 'constructive discharge' or related to [Ms. Morris's] 'forced' resignation." (Doc. 10 at 4 n.2.) Although the complaint and Lowe's motion to dismiss do not match up precisely, the Court will treat the motion as addressing the third and fifth causes of action.

[7] Lowe's also argues that the Court should not exercise supplemental jurisdiction over a pendent state-law claim after dismissing the associated federal claims. This claim lacks merit because, as discussed *supra* Sections II–III, the Court has not dismissed Ms. Morris's federal claims arising under the ADA.

The Court initially must determine whether to resolve the statute-of-limitations issue at this early stage of the proceeding. "[A] motion to dismiss filed under [Rule] 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). In "relatively rare circumstances," a court may reach a statute-of-limitations defense "where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Id.* This exception is strictly construed and applies only if "all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Id.* (emphasis omitted) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). A movant must "show . . . that the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint." *Id.* at 466.

The tort of intentional infliction of emotional distress accrues when all of its elements are present. *Bryant v. Thalhimer Bros., Inc.*, 437 S.E.2d 519, 525 (N.C. Ct. App. 1993). Specifically, the three-year statute of limitations does not begin to run until the "conduct of the defendant causes extreme emotional distress." *Id.*; *see also* N.C. Gen. Stat. § 1-15(a) (providing that "[c]ivil actions can only be commenced . . . after the cause of action has accrued").

The Court declines to reach the merits of the statute of limitations because the complaint lacks sufficient facts to rule on this affirmative defense. In the complaint, Ms. Morris alleges that Lowe's employees engaged in extreme and outrageous conduct before her resignation from Lowe's on May 1, 2007. Although this alleged conduct occurred more than three years before she filed her complaint on May 18, 2010, Ms. Morris provides no specific dates regarding when she allegedly suffered severe emotional distress. Because the complaint does not clearly indicate that the intentional-infliction-of-emotional-distress claim is time barred, the statute of limitations

is not an appropriate ground for dismissal. This defense is "more properly reserved for consideration on a motion for summary judgment." *Forst*, 4 F.3d at 250.

## V. CONCLUSION

For the reasons set forth above, it is hereby ORDERED and ADJUDGED that:

1. Lowe's Home Centers, Inc.'s motion to dismiss for failure to file a timely charge with the EEOC, pursuant to Federal Rule of Civil Procedure 12(b)(6), is CONVERTED into a motion for summary judgment and is DENIED;

2. Lowe's Home Centers, Inc.'s motion to dismiss for failure to file a timely charge with the EEOC, pursuant to Federal Rule of Civil Procedure 12(b)(1), is DENIED;

3. Lowe's Home Centers, Inc.'s motion to dismiss the constructive-discharge and wrongful-discharge claims for failure to exhaust administrative remedies, pursuant to Federal Rule of Civil Procedure 12(b)(1), is DENIED;

4. Lowe's Home Centers, Inc.'s motion to dismiss the intentional-infliction-of-emotional-distress claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), is DENIED; and

5. Ms. Morris's claim under Title VII of the Civil Rights Act of 1964, as amended, is DISMISSED.

_____
United States District Judge

June 13, 2011