IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MELINDA GAY MORRIS,            )
                               )
           Plaintiff,          )
                               )
     v.                        )        1:10CV388
                               )
LOWE'S HOME CENTERS, INC.,     )
                               )
           Defendant.          )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court pursuant to Plaintiff's objection (Docket Entry 32) to the reasonableness of the expenses claimed by Defendant (Docket Entry 32-1) in connection with the Court's prior Order (Docket Entry 29) that directed Plaintiff to pay Defendant's reasonable expenses incurred in bringing its Motion to Compel (Docket Entry 23). For the reasons that follow, the Court will order Plaintiff to pay Defendant $3,304.00.

Background

Plaintiff filed a Complaint with this Court alleging claims against Defendant for violations of the Americans with Disabilities Act and for intentional infliction of emotional distress under North Carolina law. (Docket Entry 1.) Defendant thereafter served interrogatories and requests for production of documents (Docket Entry 23, ¶ 2), which Plaintiff answered (id. ¶ 5). Defendant's counsel then "wrote a letter to Plaintiff's counsel describing in detail the deficiencies of Plaintiff's discovery responses and

demanding that Plaintiff supplement her [interrogatory] responses and document production . . . ." (Docket Entry 24 at 3.) After Plaintiff failed to do so (see id. at 3-4), Defendant "move[d] that Plaintiff be compelled to supplement her responses . . . [and] to pay to Defendant the reasonable expenses incurred in making th[at] [M]otion [to Compel], including attorney's fees" (Docket Entry 23 at 1). More specifically, Defendant asked the Court to compel Plaintiff to provide supplemental responses or productions as to:

- Interrogatory Nos. 3, 4, 6, 8, and Document Request Nos. 4, 5, 6, and 8, which s[ought] information concerning Plaintiff's earnings from employment, attempts to find employment, periods of incapacity or disability, names of treating physicians, and Plaintiff's medical records from May 1, 2007 to the present.

- Interrogatory Nos. 5 and 9, which s[ought] information pertaining to the dates and time period for which Plaintiff received any income or benefits since the end of her employment on May 1, 2007 through the present. . . .

- Interrogatory No. 7, which s[ought] information regarding the method of calculating Plaintiff's emotional and mental distress damages totaling $500,000.00, as well as the total amount of medical expenses Plaintiff claims she is entitled to receive.

- Document Request No. 1, which s[ought] documents related to Plaintiff's allegation that she received threatening and discriminatory e-mails. . . .

- Document Request No. 2, which s[ought] documents concerning the reasonable accommodations allegedly sought by Plaintiff. . . .

- Document Request No. 3, which s[ought] documents related to Plaintiff's applications for disability benefits including any physician's statements

-2-

>     and/or documents from any insurance company or
>     government agency regarding the disposition of
>     Plaintiff's application for disability
>     benefits. . . .

(Docket Entry 24 at 8.)

Plaintiff responded in opposition (Docket Entry 25) and, in doing so, noted that she had (that day) supplemented her interrogatory answers and document production (id. at 2; see also Docket Entries 25-2 and 25-3). Defendant replied (Docket Entry 26) and, based on Plaintiff's foregoing supplementation, narrowed the focus of its relief request to:

>     (1) documents (including medical records) and information
>     for the time period after December 31, 2008; (2) the
>     Psychosocial Assessment of Plaintiff prepared by Duke
>     University Medical Center in 2007; (3) the complete
>     records of Plaintiff's treatment by Dr. Gary Clary; and
>     (4) Plaintiff's applications for disability benefits.

(Docket Entry 26 at 1.) As to those matters, the Court found that:

>     Plaintiff ha[d] failed to carry her burden of justifying
>     her resistance to Defendant's requests for information
>     related to Plaintiff's medical and work histories after
>     December 31, 2008, and the psychosocial assessment
>     performed on Plaintiff by Duke University. Further,
>     although the Court decline[d] to order Plaintiff to
>     provide the records of Dr. Clary given Plaintiff's
>     agreement to do so, no justification exist[ed] for
>     Plaintiff's failure to produce such discovery until after
>     Defendant moved to compel. With respect to Plaintiff's
>     Social Security records, the Court decline[d] to compel
>     Plaintiff to produce documents . . . .

(Docket Entry 29 at 21.)

In addition, pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), the Court ordered Plaintiff to "pay an apportioned amount of Defendant's reasonable expenses incurred in bringing the

[foregoing] Motion [to Compel]" (id. at 22), i.e., "the reasonable expenses, including attorney's fees, resulting from Defendant's making of the [foregoing] Motion [to Compel], reduced in a reasonable fashion to account for the fact that the Court did not grant any relief as to the Social Security records" (id.). To effect that payment, the Court directed Defendant to serve Plaintiff with a statement of claimed expenses and provided that, "if Plaintiff contest[ed] the reasonableness of any such expenses, . . . Plaintiff shall file a memorandum . . . along with a certification that [she] ha[d] attempted to confer in good faith with Defendant about that subject[.]" (Id.)

Consistent with that Order, Defendant served Plaintiff with an itemized statement, which claimed $4,742.28 as reasonable expenses arising from the foregoing Motion to Compel. (Docket Entry 32-1.) Plaintiff thereafter filed her instant Memorandum Contesting Reasonableness of Defendant's Statement of Expenses (Docket Entry 32), to which she attached an email memorializing her counsel's efforts to resolve disputed matters with Defendant's counsel (Docket Entry 32-2). As permitted by the Court's prior Order (see Docket Entry 29 at 22), Defendant responded (Docket Entry 34) and Plaintiff replied (Docket Entry 35).

## Discussion

Both parties have cited Madison River Mgmt. Co. v. Business Mgmt. Software Corp., No. 1:03CV379, 2006 WL 2787443 (M.D.N.C.

-4-

Sept. 26, 2006) (unpublished), as authority pertinent to the resolution of their instant dispute. (See Docket Entry 32 at 5; Docket Entry 34 at 2, 3.) In said case, United States Magistrate Judge P. Trevor Sharp (who then had more than 24 years of experience adjudicating discovery motions in this district) resolved a dispute regarding expenses claimed in connection with a motion to compel and, in so doing, observed:

> The Court must determine whether the amount sought is reasonable. The moving party bears the burden of demonstrating that its expenses are reasonable. The starting point for establishing the proper amount of an award is the number of hours reasonably expended, multiplied by a reasonable hourly rate. In determining the reasonableness of the rate and the number of hours, the Supreme Court and the Fourth Circuit have endorsed the use of the following factors . . . : (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputations and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. The Court may rely on its own experience to estimate the time reasonably required for the work claimed.

Madison River, 2006 WL 2787443, at *1 (internal citations omitted) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), Blum v. Stenson, 465 U.S. 886, 888 (1984), Daly v. Hill, 790 F.2d 1071,

1075 n.2, 1085 (4th Cir. 1986), and Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 174-75 (4th Cir. 1994)).[1]

Here, Defendant seeks a payment of $4,742.28, reflecting 80% of: 1) 10.5 hours billed by Jill M. Benson at $202.50/hour and 3 hours billed by James M. Powell at $423.00/hour, in connection with Defendant's Motion to Compel and supporting brief; and 2) 10 hours billed by Ms. Benson at $202.50/hour and 1.2 hours billed by Mr. Powell at $423.00/hour, in connection with Defendant's reply brief in support of its Motion to Compel. (See Docket Entry 32-1.) According to Plaintiff, Defendant's Motion to Compel presented "simple issues which d[id] not require 20+ hours of research and briefing." (Docket Entry 35 at 4.) Instead, Plaintiff contends:

1) "[t]he preparing of a simple motion to compel should not have exceeded the reasonable amount of time of 1.0 hour" (Docket Entry 32 at 2);

---

[1] It would appear that factors 1, 2, 3, 8, and 12 generally will bear on the reasonable hours determination and that factors 4 through 12 generally will bear on the reasonable rate determination. However, "[a] court is not required to engage in lengthy discussions concerning what portion of the award is attributable to each factor." Okocha v. Adams, No. 1:06CV275, 2009 WL 313344, at *4 (M.D.N.C. Feb. 6, 2009) (unpublished). Further, "some of [these] factors . . . have limited transferability as part of a formula for computing attorneys' fees for prevailing defendants, as opposed to plaintiffs." Id. at *4 n.5. Moreover, in some instances, certain of these "factors are not relevant to Rule 37 [cost-shifting], but more applicable to an award of attorneys fees at the conclusion of litigation where attorney fees are allowed by statute." Ring Indus. Grp., LP v. E Z Set Tank Co., Inc., No. 5:07CV103, 2008 WL 3501510, at *2 n.1 (W.D.N.C. Aug. 11, 2008) (unpublished).

-6-

2) "the total billing for the Brief in Support [of Defendant's Motion to Compel] should not have exceeded the reasonable amount of time of 2.0 hours" (id. at 3); and

3) "the expenses allowed for drafting and revising the reply brief . . . [should] be reduced to the reasonable amount of 1.50 hours, with half an hour allotted to research time" (id. at 4-5).[2]

For its part, Defendant "recognizes that [its] Motion to Compel did not present a novel question, [but contends] it nevertheless required the amount of time [claimed] because of Plaintiff's excessive failure to adequately respond to fourteen discovery requests." (Docket Entry 34 at 4; see also id. at 2 ("Plaintiff overlooks the fact that there were fourteen (14) different discovery requests including interrogatories and requests for production that Defendant had to address in its [M]otion [to Compel].").) In resolving this dispute over the reasonable number of hours allowable for preparation of Defendant's Motion to Compel and related briefing, the Court finds Magistrate Judge Sharp's analysis of the parallel issue in Madison River instructive.

In that case, two attorneys for the plaintiff (the party who filed and substantially prevailed on the motion to compel) claimed "in excess of 24 hours" for "time spent drafting the motion to

---

[2] Plaintiff cited no authority or other support for such parsimonious time estimates. (See Docket Entry 32 at 2-5.) Nor did Plaintiff set forth how much time her counsel spent preparing her brief in opposition to Defendant's Motion to Compel, which the Court deems of comparable depth and quality to the briefing produced by Defendant. (See id. at 1-5; Docket Entry 35 at 1-5.)

-7-

compel," with one attorney, Laura A. Derouin, claiming "21.5" of those hours "for preparing the motion to compel and supporting memorandum." Madison River, 2006 WL 2787443, at *1.[3] Magistrate Judge Sharp determined that "[t]he matters at issue were not complex." Id. As a result, he "f[ound] that the number of hours claimed in connection with the motion to compel [wa]s unreasonable to a degree . . . [and] reduce[d] the hours claimed by attorney Derouin from 21.5 to 8 for preparing the motion to compel and supporting memorandum." Id. Magistrate Judge Sharp, however, "f[ound] all other claimed expenses and fees sought by [the] [p]laintiff reasonable." Id. Accordingly, in Madison River, for preparation of a non-complex motion to compel and supporting brief, Magistrate Judge Sharp approved a total of 8 hours of time spent by Ms. Derouin (from her original claimed subtotal of 21.5 hours) and something between 2.5 and 3.5 hours of time for a second attorney, i.e., the total "time spent drafting the motion to compel" by that second attorney and Ms. Derouin of "in excess of 24 hours" (which the Court interprets as more than 24, but less than 25, hours) minus the subtotal of 21.5 hours spent by Ms. Derouin.

After considering the factors relevant to the determination of the reasonable number of hours (as set out in Madison River), the Court concludes that, in this case, similar calculations should

---

[3] The plaintiff in the Madison River case did not file a reply brief as to its motion to compel. See Docket, Madison River Mgmt. Co. v. Business Mgmt. Software Corp., No. 1:03CV379 (M.D.N.C.).

-8-

apply in connection with the instant, similarly non-complex discovery dispute.[4] Specifically, as to Defendant's Motion to Compel and supporting brief, the Court will treat 8 hours (rather than the claimed 10.5 hours) as the reasonable amount expended by Ms. Benson (the primary author) and will accept as reasonable the 3 hours claimed by Mr. Powell (the secondary author). The Court further finds that preparation of the reply brief as to Defendant's Motion to Compel reasonably should have taken marginally less time than the Motion to Compel and supporting brief; thus, for the reply brief, the Court will approve 6 hours (rather than the claimed 10 hours) as the reasonable amount of time expended by Ms. Benson (the primary author) and will accept as reasonable the 1.2 hours claimed by Mr. Powell (the secondary author).[5]

---

[4] This approach directly accounts for "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; . . . (8) the amount involved and results obtained; . . . and (12) awards in similar cases." Madison River, 2006 WL 2787443, at *1.

[5] In reaching this conclusion, the Court explicitly rejects Plaintiff's argument that participation by two attorneys in the preparation of a motion to compel and related briefing of this sort qualifies as per se unreasonable (see Docket Entry 32 at 2-3; Docket Entry 35 at 4-5). The Court instead deems it entirely reasonable to have a more junior attorney serve as the primary author of such filings with a more senior attorney providing input as a secondary author. Moreover, the Court notes that Plaintiff's counsel did not deny participation in work-sharing arrangements of that sort during her career. (See id.) The Court also declines to accept Plaintiff's (unsupported) assertion "that experienced attorneys who practice regularly in the Middle District [of North Carolina] do not need to/or bill for reviewing the Local Rules for each filing and therefore it is not reasonable to include as fees the time spent on reading the [L]ocal [R]ules." (Docket Entry 32 at 4.) The Court regularly must consult the Local Rules to
(continued...)

Next, "Plaintiff contests th[e] rates [of $423.00/hour for Mr. Powell and $202.50/hour for Ms. Benson] as being reasonable for the work performed, the type of case and legal issues presented by [Defendant's] [M]otion [to Compel] and the rates of comparable attorneys in the relevant area . . . ." (Docket Entry 32 at 5.)[6] As Plaintiff points out (see id.), the party seeking attorney fees generally "bears the burden to produce satisfactory evidence – <u>in addition to the attorney's own affidavit</u> – that the requested rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." <u>Certain v. Potter</u>, 330 F. Supp. 2d 576, 589 (M.D.N.C. 2004) (internal brackets and quotation marks omitted) (Beaty, J.) (emphasis added); accord <u>Robinson v. Equifax Info. Servs., LLC</u>, 560

---

[5](...continued)
properly address issues and thus does not find similar action by (even experienced) attorneys unreasonable. Finally, the Court concludes that the reductions made as to Ms. Benson's claimed time sufficiently address Plaintiff's other specific arguments challenging the reasonableness of the hours spent by Defendant's counsel. (<u>See</u> Docket Entry 32 at 2-5.)

[6] The email on which Plaintiff relies to show that her counsel consulted in good faith with Defendant's counsel about the reasonableness of Defendant's claimed fees does not reflect that Plaintiff's counsel raised any objection to the reasonableness of the hourly rates of Mr. Powell and Ms. Benson. (<u>See</u> Docket Entry 32-2; <u>see also</u> Docket Entry 32 at 2.) Defendant, however, did not raise that issue in its brief opposing Plaintiff's challenge to the reasonableness of Defendant's claimed fees. (<u>See</u> Docket Entry 34.) The Court, therefore, will address on the merits the matter of the reasonableness of Mr. Powell's and Ms. Benson's hourly rates.

F.3d 235, 244 (4th Cir. 2009).[7] Defendant, however, has relied exclusively on its counsel's representations that, based on the relevant factors set out in Madison River, "Mr. Powell's hourly rate ($423.00) and Ms. Benson's hourly rate ($202.50) are reasonable rates for the work performed" (Docket Entry 34 at 4) and that, "[b]ased on the education, training and experience of Mr. Powell and Ms. Benson, [the claimed fees, which incorporate those rates, represent] . . . a reasonable, necessary and customary amount for the work performed in successfully bringing Defendant's Motion to Compel" (id. at 5).[8]

Given the above-cited authority (i.e., Certain and Robinson), such representations alone do not afford a sufficient basis for the Court to find that the hourly rates of $423.00 (for Mr. Powell) and $202.50 (for Ms. Benson) constitute prevailing market rates in this District for work of this sort by attorneys with comparable qualifications. "In the absence of specific evidence regarding the prevailing market rate, the Court may establish a reasonable rate

---

[7] Although Certain and Robinson involved statutory fee awards, the Court fails to discern any basis to conclude that the moving party generally would not bear this same sort of burden in the context of fee-shifting under Federal Rule of Civil Procedure 37. See generally Smith v. Homecoming Fin., No. 1:10CV52, 2010 WL 3943839, at *2 & n.2 (W.D.N.C. Oct. 7, 2010) (unpublished).

[8] The Court accepts the representations of Defendant's counsel that "Mr. Powell has over thirty (30) years of experience litigating labor and employment matters and is well-known for his work performed in similar cases . . . [and that] Ms. Benson has approximately six (6) years of experience in litigation with a focus on labor and employment law." (Docket Entry 34 at 4-5.)

-11-

based upon its own knowledge and experience of the relevant market . . . ." Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC, 747 F. Supp. 2d 568, 593 (W.D.N.C. 2010). To enhance the Court's knowledge regarding such matters (and consistent with relevant factors, e.g., "customary fee[s]" and "awards in similar cases," Madison River, 2006 WL 2787443, at *1), the Court has researched attorney fee awards made in this District and the two neighboring North Carolina federal districts over the last decade. Based on that analysis, as well as the Court's preexisting knowledge and experience with the relevant legal market, in this case, the Court adopts $350.00/hour as a reasonable rate for Mr. Powell and $190.00/hour as a reasonable rate for Ms. Benson.[9]

---

[9] In this regard, the Court has taken particular account of Okocha v. Adams, No. 1:06CV275, 2009 WL 313344, at *4 (M.D.N.C. Feb. 6, 2009) (unpublished), a discrimination case wherein United States Magistrate Judge Wallace W. Dixon (who then had over 25 years of experience dealing with federal discrimination litigation in this District and two neighboring districts) concluded that $300.00/hour represented a reasonable rate for a highly-respected, large-firm attorney with 40 years of experience and that $175.00/hour represented a reasonable rate for a large-firm associate with four years of experience and prior service as a law clerk to a United States Circuit Judge. Although those rates applied to work performed in 2006-07, the Court knows from its own experience that the economic downturn which began in 2008 and has continued to plague the nation (and North Carolina in particular) over the succeeding years has (and/or reasonably should have) restrained increases in reasonable rates charged by attorneys in this District. Consistent with that conclusion and the rate the Court has adopted for Ms. Benson, in late 2010, a United States Magistrate Judge in the Western District of North Carolina applied the Consumer Price Index to the typical hourly rate for attorneys in metropolitan areas of North Carolina with five years of experience established by a 1998 North Carolina Bar Association survey and arrived at a figure of $179.47. See Smith v. Homecoming Fin., No. 1:10CV52, 2010 WL 3943839, at *2-3 (W.D.N.C. Oct. 7,
(continued...)

-12-

As a final matter, Plaintiff contends that, "since [Defendant's] Motion to Compel addressed four categories of information, one of which was disallowed, . . . the total hours [reasonably expended by Defendant should] be reduced by 25% rather than by 20% . . . ." (Docket Entry 32 at 5.) This contention ignores the fact (emphasized by Plaintiff in other respects she deemed beneficial to her) that the first category of dispute (concerning Plaintiff's objection to producing medical and other information for the period after December 31, 2008) represented by far the broadest area of engagement between the parties, in that said "underlying dispute [applied to] eleven of the fourteen discovery requests [at issue in Defendant's Motion to Compel]" (Docket Entry 35 at 2). Under such circumstances, the Court finds Defendant's discounting of its claim to 80% of the hours otherwise reasonably expended on its Motion to Compel extremely reasonable.

## Conclusion

The Court concludes that the reasonable expenses attributable to Defendant's Motion to Compel consist of 14 hours by Ms. Benson at $190.00/hour and 4.2 hours by Mr. Powell at $350.00/hour,

---

[9](...continued)
2010) (unpublished). Similarly, a United States District Judge in that district recently concluded that, in the legal market of Charlotte, North Carolina (which this Court considers, based on its knowledge and experience, the most expensive in the State), $346.50 and $360.00 represented reasonable hourly rates in 2009 and 2010, respectively, for a large-firm partner with 22 years of experience and prior service as a law clerk to a state appellate judge. See National Diagnostics, Inc. v. Dollar Gen. Corp., No. 3:09CV80W, 2010 WL 1418217, at *4 (W.D.N.C. Apr. 5, 2010) (unpublished).

reduced by 20% to account for Defendant's failure to show entitlement to relief as to Plaintiff's Social Security records.

**IT IS THEREFORE ORDERED** that Plaintiff shall pay Defendant $3,304.00 as the reasonable expenses Defendant incurred in bringing its Motion to Compel.

/s/ L. Patrick Auld<br>**L. Patrick Auld**<br>**United States Magistrate Judge**

October 30, 2012